UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                                    Chapter 11

    Seacrest Equities LLC                                  Case no. 16-43956

                      Debtor.
----------------------------------------------------------x

## APPLICATION TO RETAIN REAL ESTATE BROKER

        Seacrest Equities LLC the debtor and debtor-in-possession herein (the "Debtor"), as and for its application to retain MYC & Associates, Inc. ("Broker") as its real estate broker to market the Debtor's real property at 12 Seacrest Drive Huntington, New York (the "Property") pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, respectfully represents as follows:

        1.      On September 1, 2016 ("Filing Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. No trustee or creditors committee has been appointed.

        2.      The Debtor owns certain real property (the "Property") is a large vacant residence in Huntington, New York. The Debtor filed this case and its Chapter 11 Plan to sell the Property in an orderly way to pay all creditors as much possible consistent with the priorities in the Bankruptcy Code.

        3.      The Debtor, therefore, seeks to retain the Broker under the listing agreement, (the "Listing Agreement," a copy of which is annexed hereto). Under the Listing Agreement, the Broker shall be entitled to 2% commission if there is no co-broker, and 3% if

there is co-broker. In addition, the Debtor shall reimburse the Broker up to $10,000 for expenses.

4. The Debtor selected the Broker because the Broker has successfully sold many properties in the Eastern District of New York under this Court's jurisdiction.

5. To the best of the Debtor's knowledge, the Broker and its respective employees have no other connection with, and no interests adverse to, the Debtor, its creditors, other parties in interest, or their respective attorneys, and are "disinterested persons" as that term is defined in section 101(14) and 1107(b) of the Bankruptcy Code.

6. No prior application has been made for the relief requested herein.

7. WHEREFORE, the Debtor respectfully requests that this Court enter the prefixed order and grant such other and further relief as it deems just and proper.

Dated: New York, New York
      June 2, 2017

                    **BACKENROTH FRANKEL & KRINSKY, LLP**
                    **Attorneys for Debtor**

            By:    s/Mark Frankel
                    800 Third Avenue
                    New York, New York 10022
                    (212) 593-1100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                              Chapter 11

    Seacrest Equities LLC                            Case no. 16-43956

                       Debtor.
-----------------------------------------------------------x

## **ORDER AUTHORIZING REAL ESTATE BROKER**

Upon the application ("Application") of the above-captioned debtors ("Debtors"), requesting authorization to retain MYC & Associates, Inc. ("Broker"), to represent the Debtor as real estate broker, and upon the Affidavit of Disinterest by Marc Yaverbaum, and it appearing that the Broker represents no interest adverse to the Debtor or its creditors, and that its employment is necessary and in the best interests of the estate, and after due deliberation and sufficient cause appearing therefor, it is

ORDERED, that the Debtors be, and hereby are, authorized under section 327(a) of the Bankruptcy Code to employ the Broker under the terms in the Listing Agreement attached to the application, effective January 28, 2017; and it is further

ORDERED, that the compensation paid by the Debtor shall be determined upon application to the Court under Sections 330 and 331 of the Bankruptcy Code, any Standing Orders of the United States Bankruptcy Court and the Guidelines of the Office of the United States Trustee; and it is further

ORDERED, that notwithstanding anything to the contrary in the Application or the Listing Agreement (as defined in the Application) the determination of the fees to be paid shall be subject to a separate application upon notice and a hearing and order of the Bankruptcy Court; and it is further

ORDERED, that the Broker is hereby authorized to keep reasonably detailed records of expenses and will submit, with any interim or final fee application, such records to the Court; and it is further

ORDERED, that the Broker shall not be entitled to any payments for its services until a sale of the subject property is approved by the Bankruptcy Court, such sale closes, and the Broker files a fee application approved by the Court; and it is further

ORDERED, that to the extent the Listing Agreement and this Order conflict, the Order governs; and it is further

ORDERED, that the Court shall retain jurisdiction regarding all matters relating to the interpretation or implementation of this Order.

NO OBJECTION

s/ _____
Office of the United States Trustee

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:

SEACREST EQUITIES LLC,

                Debtor.

Chapter 11

Case No. 16-43956 (CEC)

--------------------------------------------------------X

**AFFIDAVIT OF MARC P. YAVERBAUM IN SUPPORT OF THE
DEBTOR'S APPLICATION FOR THE RETENTION OF
MYC & ASSOCIATES, INC. AS A REAL ESTATE BROKER**

STATE OF NEW YORK   )
                                 ) ss.:
COUNTY OF RICHMOND )

MARC P. YAVERBAUM, being duly sworn, deposes and says:

1. I am a member of the firm MYC & ASSOCIATES, INC. ("**MYC**"), maintaining its office at 1110 South Avenue, Suite 22, Staten Island, New York 10314.

2. This affidavit is being submitted in accordance with the Debtor's application to retain MYC as a real estate broker.

3. MYC is a full service asset management firm whose principals have been engaged in this field for many years and have dealt with the type of property involved herein.

4. MYC is duly licensed to transact business as a real estate broker and I am permitted to represent the firm as such as recognized by the Department of State of New York, unique identification number 10311200163.

5. In preparing this Declaration, I reviewed the names of individuals and entities that may be parties in interest in the Debtor's case, including the Debtor, the Debtor's creditors and other parties in interest as set forth in the Debtor's Schedules and other parties having filed appearances and other documents in the Debtor's case (collectively, the "**Searched Parties**").

6. MYC has researched its internal records to determine any connection to the Searched Parties. Based on the conflicts and connection search conducted, to the best of my knowledge and belief, MYC neither holds nor represents any interest adverse to the estate herein, and is not related to the Debtor, the attorney for the Debtor, the creditors of this estate, the United States Trustee or any person employed in the office of the United States Trustee. The undersigned is "disinterested" as that term is defined in Section 101(14) and 327(a) of the Bankruptcy Code.

7. MYC proposes to broker the assets of the above Debtor consisting of, but not limited to the following real property: 12 Seacrest Drive, Lloyd Harbor, NY 11743 (the "**Property**").

8. Since the Debtor has already entered into a stalking horse agreement with a purchaser for $1,700,000, MYC has agreed to a reduce its commission for the real estate brokerage and auction services rendered in this matter to two (2%) calculated from the gross selling price plus reimbursement of all expenses in an amount up to and including $10,000.

9. MYC and the Debtor believe the commission and expense reimbursement being sought is fair and reasonable for the Debtor, its creditors and MYC.

10. MYC understands that the commissions and reimbursement of expenses will only be paid to MYC upon the submission of a proper application made to this Court and approval thereof.

11. No agreement or understanding prohibited by Section 155 of Title 18 of the United States Code, or Section 504 of Title 11 of the United States Code has been or will be made by MYC.

WHEREFORE, your deponent respectfully requests a proper Order for employment.

By: */s/ Marc P. Yaverbaum*

Marc P. Yaverbaum

Sworn to me before this
12th Day of May 2017

*/s/ Victor M. Moneypenny*

Victor M. Moneypenny
Notary Public, State of New York
No. 01MO6343439
Qualified in Richmond County
Commission Expires 6/13/2020