UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                                   Chapter 11

    Seacrest Equities LLC                                  Case no.  16-43956- CEC

                       Debtor.
-----------------------------------------------------------x

## ORDER AUTHORIZING REAL ESTATE BROKER

        Upon the application ("Application") of the above-captioned debtor ("Debtor"), requesting authorization to retain MYC & Associates, Inc. ("Broker"), to represent the Debtor as real estate broker, and upon the Affidavit of ~~Disinterest~~ ***Marc P. Yaverbaum in Support of the Debtor's Application for the Retenton of MYC $ Associates, Inc. as a Real Estate Broker (CEC)*** by Marc ***P. (CEC)*** Yaverbaum, and it appearing that the Broker represents no interest adverse to the Debtor or its creditors, and that its employment is necessary and in the best interests of the estate, and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED, that the Debtor is, and hereby is, authorized under section 327(a) of the Bankruptcy Code to employ the Broker under the terms in the Listing Agreement attached to the Application, effective January 28, 2017; and it is further

        ORDERED, that the compensation paid by the Debtor shall be determined upon application to the Court under Sections 330 and 331 of the Bankruptcy Code, any Standing Orders of the United States Bankruptcy Court and the Guidelines of the Office of the United States Trustee; and it is further

        ORDERED, that notwithstanding anything to the contrary in the Application or the Listing Agreement (as defined in the Application) the determination of the fees to be paid shall be subject to a separate application upon notice and a hearing and order of the Bankruptcy Court; and it is further

        ORDERED, that the Broker is hereby ~~authorized~~ ***directed (CEC)*** to keep reasonably detailed records of expenses and will submit, with any interim or final fee application, such records to the Court; and it is further

        ORDERED, that the Broker shall not be entitled to any payments for its services until a sale of the subject property is approved by the Bankruptcy Court, such sale closes, and the Broker files a fee application approved by the Court; and it is further

ORDERED, that to the extent the Listing Agreement and this Order conflict, the Order governs; and it is further

ORDERED, that the Court shall retain jurisdiction regarding all matters relating to the interpretation or implementation of this Order.

**NO OBJECTION:**
WILLIAM K. HARRINGTON
OFFICE OF THE UNITED STATES TRUSTEE, Region 2

*/s/Rachel Weinberger*
Rachel Weinberger
Trial Attorney

Dated: New York, New York
      June 2, 2017



Dated: Brooklyn, New York
July 14, 2017

_____
**Carla E. Craig**
**United States Bankruptcy Judge**