UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                              Chapter 11

    Seacrest Equities LLC                     Case no.  16-43956-CEC

                Debtor.
-----------------------------------------------------------x

## ORDER CONFIRMING PLAN OF REORGANIZATION

Seacrest Equities LLC (the "Debtor") having filed its Amended Plan of Reorganization (the "Plan") dated November 4, 2016 (docket no. 24) in the above-captioned chapter 11 case; and a copy of the Amended Disclosure Statement ("Disclosure Statement") dated November 4, 2016 (docket no. 25) in connection with the Plan having been transmitted to creditors and equity security holders, and upon the hearing before this Court on July 12, 2017 (the "Confirmation Hearing"), and upon the entire record of this case, and the Court having found: (a) that the transfer of the Debtor's real property located at 12 Seacrest Drive, Huntington, New York (the "Property") under the Plan is an arms-length transaction, non-collusive, fair and reasonable, and conducted openly and in good faith in accordance, and is in the best interests of the Debtor, its estate and Creditors, (b) that Michael Poon (the "Purchaser") was the only qualified bidder and the Debtor properly sought approval of his bid without conducting an auction sale, (c) that the Court is prepared to approve the Purchaser's bid as the highest and best bid, (d) that the Purchaser, as transferee of the Property, is a good faith purchaser within the meaning of Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code § 363(m) or similar provisions of law, (e) that the sale of the Property to the Purchaser was not controlled by an agreement among potential purchasers in violation of Bankruptcy Code § 363(n), (f) that cause exists to amend the Plan to increase the Distribution

Fund to Class 5 general unsecured creditors to $72,385 (g) that the requirements for confirmation of the Plan set forth in 11 U.S.C. 1129(a) have been satisfied at the Confirmation Hearing, and (h) that cause exists for the Court to order that the stay under Bankruptcy Rule 3020(e) shall not apply to this Order; it is

ORDERED, that the Plan is deemed amended to increase the Distribution Fund to Class 5 general unsecured creditors to $72,385; and it is further

ORDERED, that the Plan is deemed amended as follows:

1. The relative priority of the Class 2 Claims and the Class 3 Claims shall be decided (a) in in an action to be commenced by the JPMorgan Chase Bank, N.A. ("Class 3 Claimant" or "Chase") in the Supreme Court of the State of New York, County of Suffolk ("State Court"), provided, however, that if the Class 3 Claimant does not commence such action within 60 days of entry of this Order, then the Grasmere Notebuyer LLC ("Class 2 Claimant" or "Grasmere") may commence such action; and (b) if for any reason the State Court refuses to hear the issue of lien priority and amount, Grasmere and Chase may resolve the lien priority dispute in this Court by adversary proceeding or motion to the Court (collectively the "Proceedings"). A final non-appealable order and/or judgment or written settlement between the Class 2 Claimant and the Class 3 Claimant (such a final order or judgment or settlement, the "Final Lien Order") shall be binding as to the priority and, to the extent decided in the Proceedings, the amount of the Class 2 Claims and/or the Class 3 Claims.
2. The automatic stay, to the extent it applies, is hereby modified for cause, pursuant to 11 U.S.C. §362(d), to permit the parties to commence the Proceedings effective as of the date hereof without further order of Court.
3. Each of the Class 2 Claims and the Class 3 Claims shall be allowed in the amounts set forth in the Amended Plan, unless the amount is otherwise determined in the Proceedings, in which case the amount determined in Proceedings shall be the amount of such allowed claim The proceeds of the sale of the Property less the following amounts shall be held in an interest bearing escrow account (such net proceeds are referred to as the "Net Proceeds"): (i) the broker's fees in the amount of 2% of the sale price plus $10,000.00; (ii) legal fees to Backenroth Frankel & Krinsky, LLP of no more than $30,000.00; (iii) payment for the non-insider general unsecured creditors (Costello Shea & Gaffney LLP, Do Young Kim and the Seacrest Homeowners Association) in the aggregate amount of $72,385.00; and (iv)fees due to the United States Trustee in the approximate amount of $7,500.00.

4. Within 30 days of the occurrence or issuance of the Final Lien Order, the Net Proceeds shall be paid in cash to the Class 2 Claimant and the Class 3 Claimant in full satisfaction of their respective Claims, as follows:
    a. First to the holder of the Claim secured by the mortgage that has a higher lien priority (as set forth in the Final Lien Order), up to the allowed amount of such Claim; and
    b. Second, any remaining amounts to the holder of the Claim secured by the mortgage determined to have a lower lien priority (as set forth in the Final Lien Order).

5. With the exception of the liens at issue in the Priority Dispute, all other lien priorities are as set forth in the Amended Plan shall remain the same.

6. Debtor is deemed to have waived any objection to the timeliness of Class 3 Claimant's Proof of Claim and Class 3 Claimant's Proof of Claim is hereby deemed timely.

7. Any objections to the Amended Plan that have not been withdrawn or otherwise resolved by this Order are hereby overruled.

8. The Court shall retain jurisdiction to enforce the terms of this Order.

and it is further

ORDERED, that the Sale Procedures annexed the Plan as Exhibit A are approved and the Debtor *was (CEC)* authorized to market the Property thereunder as of the entry of the order approving the Debtor's Disclosure Statement on November 10, 2016 (Docket no. 26); and it is further

ORDERED, that pursuant to section 1129 of the Bankruptcy Code, the Plan, as amended by this Confirmation Order, be, and it hereby is, confirmed; and it is further

ORDERED, that that in furtherance of the Plan, the Debtor is directed to sell, transfer and convey the Property to Michael Poon the ("Purchaser") as set forth herein, free and clear of all liens, encumbrances and interests, with all such liens claims and encumbrances and interests to attach to the proceeds of sale, for the purchase price of $1,700,000 (with customary adjustments as circumstances may require); and it is further

3

ORDERED, that the Purchaser is a good faith purchaser within the meaning of Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code §363(m) or similar provision of law; and it is further

ORDERED, that at the closing of the transfer of the Property, the Debtor be, and it hereby is, authorized and directed to execute and deliver such documents (collectively, the "Closing Documents") as may be necessary for the Debtor to close the sale of the Property to the Purchaser as set forth in the Plan; and it is further

ORDERED, that the Debtor be, and hereby is, authorized and directed to execute, in the name of any necessary party, any notice of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved in the Plan and this Order, and to deliver such notices to any and all federal, state and local governmental agencies or departments for filing and recordation, including without limitation, (a) the Lloyd Harbor Seacrest Homeowners Association lien filed May 26, 2016; (b) the New York State Department of Taxation and Finance on account of its tax warrants against Patricia Kveton filed August 17, 2012 and August 28, 2016, and (c) the Unites States Internal Revenue Service on account of it is federal tax lien against Patricia Kveton filed December 17, 2014; and Costello, Shea and Gaffney, LLP on account of its mortgage filed February 5, 2015; and it is further

ORDERED, that the Office of the Suffolk County Clerk is hereby authorized and directed to record the deed and all other documents as so executed; and it is further

ORDERED, pursuant to Bankruptcy Code § 1146, that the delivery of the deed to be issued to the Purchaser pursuant to the Plan shall be made in implementation of the Plan, and qualify for the transfer tax exemption under section 1146(a) of the Bankruptcy Code, such that

4
13102298V.2 101080/1051787

the filing of said deed shall not be subject to payment of any local, county or State (TP 584) transfer tax, a stamp tax or similar tax; and it is further

ORDERED, that each and every federal, state and local governmental agency or department shall be authorized to accept and record any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transactions contemplated by the Plan, including, but not limited to any and all notices of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved by the Plan; and it is further

ORDERED, that the Debtor shall be the disbursing agent under the Plan responsible for making distributions under the Plan, and shall file a disbursement report with the Bankruptcy Court upon making such distributions, and it is further

ORDERED, that the Debtor shall file, within 45 days after the date of this Order, a status report detailing the actions taken by the Debtor and the progress made toward the consummation of the Plan; and it is further

ORDERED, that the Debtor shall file status reports with the Court every January 15th, April 15th, July 15th, and October 15th until a final decree has been entered closing the Debtor's chapter 11 case; and it is further

ORDERED, that a status conference shall be held in this case on October 18, 2017 at 2:30 p.m., and it is further

ORDERED, that the Debtor shall pay to the United States Trustee all fees due and payable by the Debtor, if any, under and pursuant to 28 U.S.C. § 1930, plus all applicable interest thereon, until the Debtor's chapter 11 case is either dismissed, converted to chapter 7, or

5

until a final decree is entered closing the Debtor's chapter 11 case, whichever is earlier; and it is further

ORDERED, that this Court hereby retains exclusive jurisdiction over this Order and to hear and to determine all controversies, suits and disputes, if any, as may arise in connection with the consummation of the Plan; and it is further

ORDERED, that this Order shall not be stayed under Bankruptcy Rule 3020(e).

**Dated: Brooklyn, New York**
**August 21, 2017**
13102298V.2 101080/1051787

_____
**Carla E. Craig**
**United States Bankruptcy Judge**